CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD LEE CREWS, #339856, ) | |
| Petitioner, ) | Civil Action No. 7:05-cv-00420 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |
| ) | |

Petitioner Richard Lee Crews, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254.[1] Petitioner Crews challenges the validity of his September 2004 convictions in the Circuit Court for the City of Danville, Virginia, for forcible entry with intent to do damage to property and violating his probation on prior offenses. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia

---

[1] Petitioner originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the court that imposed the judgment under challenge is located in this district.

Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, Crews clearly states in his petition that he has not presented any of his current habeas claims to the Supreme Court of Virginia on direct appeal or in state habeas proceedings as required under §2254(b). Petitioner's failure to exhaust his state court remedies mandates summary dismissal of his petition by this court without prejudice; such a dismissal leaves petitioner free to refile his claims in a new and separate §2254 petition, once he has completed the exhaustion process.[2] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 18th day of July, 2005.

Senior United States District Judge

---

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

2